IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEWTON B. SCHWARTZ, SR., | § | |
| INDIVIDUALLY AND AS | § | |
| TRUSTEE FOR THE KEMPER, | § | |
| QUEEN & SCHWARTZ, JR. TRUST, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-0038 |
| | § | |
| JACK WARREN HARANG, *et al.*, | § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

Plaintiff Newton B. Schwartz, Sr. ("Plaintiff") filed this suit in the 157th Judicial District Court of Harris County, Texas, on November 29, 2012, raising a variety of claims, including breach of contract, fraud, and negligence, regarding alleged debts due to him individually and the trust he represents. *See* Citation [Doc. # 1], Exh. 1, at 1; Original Petition [Doc. # 1], Exh. 1, at 4-5. Defendants removed the case to federal court on January 4, 2013. *See* Notice of Removal [Doc. # 1]. The case is before the Court on three motions filed by Plaintiff, a Motion to Remand [Doc. # 7], a Motion to Strike [Doc. # 9], and a Motion for Preliminary Injunction Hearing [Doc. # 14]. Defendants Jack W. Harang APLC and Jack Warren Harang (collectively, "Defendants") filed a Response [Doc. # 12] to these Motions. Plaintiff

filed a Reply [Doc. # 13] and two Supplemental Responses [Docs. # 15, # 24].[1]  The Court has carefully reviewed the record, the parties' arguments, and the applicable law, and concludes the Motion to Strike should be **denied**, the Motion to Remand should be **granted**, and the Motion for Preliminary Injunction Hearing should be **denied as moot**.

## I. ALLEGED PROCEDURAL DEFECTS TO REMOVAL

### A. Signatures on Notice of Removal and Certificate of Service

Plaintiff argues that the removal was procedurally defective because Defendants' attorney was required to personally sign Defendants' Notice of Removal [Doc. # 1] and Certificate of Service [Doc. # 6], and did not do so.  *See* Motion to Remand, at 1-10; Motion to Strike, at 1-4.  Plaintiff asserts that electronic signatures do not satisfy Federal Rule of Civil Procedure 11(a) and, as a result, Defendants' Notice of Removal and Certificate of Service are deficient.  *See* Motion to Remand, at 7-10; Motion to Strike, at 2-3.

Plaintiff relies on *Becker v. Montgomery*, 532 U.S. 757, 764-65 (2001), to support his arguments.  *See* Motion to Remand, at 7-10; Motion to Strike, at 2-3.  This

---

[1]  Plaintiff asserts his Motion to Remand has been pending for three months.  *See* First Supplemental Memorandum of Law [Doc. # 15], at 1 (filed March 21, 2013).  This is untrue.  Plaintiff filed his Motion on January 28, 2013, and the Motion became ripe on February 22, 2013.

reliance is unavailing. In *Becker*, a *pro se* inmate signed his notice of appeal by typing his name. *Becker*, 532 U.S. at 763. Although the Supreme Court focused on whether the inmate was allowed under Rule 11(a) to cure his failure to sign his notice of appeal after the time to give notice of appeal had passed, the Supreme Court also addressed in *dicta* whether an electronic signature could satisfy Rule 11(a). The Supreme Court explained that "[w]e do not doubt that the signature requirement can be adjusted to keep pace with technological advances." *Id.* Accordingly, it concluded that a district court could set rules to allow for electronic signatures but that electronic signatures would not be allowed under Rule 11(a) without such rules. *Id.* at 764. Becker's signature did not fit within the district court's rules.

Consistent with the *dicta* in *Becker*, Federal Rule of Civil Procedure 5(d)(3) states that "[a] court may, by local rule, allow papers to be filed, signed, or verified by electronic means that are consistent with any technical standards established by the Judicial Conference of the United States." The procedures of the United States District Court for the Southern District of Texas require an individual who has an account with the Electronic Filing System to file all pleadings and documents for a civil case electronically. *See* Administrative Procedures for Electronic Filing in Civil and Criminal Cases, issued January 1, 2007, § 1(B)(1). According to these procedures:

> The user log-in and password required to submit documents to the Electronic Filing System serve as the Filing User's signature on all electronic documents filed with the Court. They also serve as a signature for the purposes of Fed. R. Civ. P. 11, the Federal Rules of Criminal Procedure, the Local Rules of this Court, and any other purpose for which a signature is required in connection with court proceedings.

*Id.* § 8(A). "The Filing User under whose log-in and password the document is submitted must include an 's/' and the Filing User's typed name in the space where the signature would otherwise appear." *Id.*

Counsel for Defendants filed the Notice of Removal and Certificate of Service through the electronic filing system. Each document contains at least one signature with "s/" and defense counsel's typed name. These signatures are sufficient under the procedures of the United States District Court for the Southern District of Texas and, therefore, are sufficient under Rule 11(a). Plaintiff's Motion to Strike is denied, and the Motion to Remand is denied to the extent it is based on the insufficiency of defense counsel's signature.

### B.     Timeliness of Motion to Remand

Plaintiff argues that Defendants' Notice of Removal [Doc. # 1], filed January 4, 2013, is untimely because he served Defendants on November 29, 2013 via email. *See* Motion to Remand, at 10 (citing Nov. 29, 2012 Email [Doc. # 7], Exh. 6; Nov. 30, 2012 Email [Doc. # 7], Exh. 7). More specifically, Plaintiff emailed an unsigned and

unfiled copy of the Original Petition to defense counsel and his paralegal on November 29, 2012. *See* Nov. 29, 2012 Email [Doc. # 7].[2] On November 30, 2012, Plaintiff also mailed to Defense counsel, his paralegal, and his secretary a copy of an order from the 157th Judicial District of Harris County, Texas, granting a temporary restraining order. *See* Nov. 30, 2012 Email [Doc. # 7], Exh. 7.

Defendants were served in person on December 5, 2012. *See* Receipt of Service Jack W. Harang [Doc. # 7], Exh. 8; Receipt of Service Jack W. Harang APLC [Doc. # 7], Exh. 9; *see also* Motion for Remand, at 12.

A notice of removal must be filed within 30 days after the defendant is served with the initial pleading. 28 U.S.C. § 1446(b)(1). The Supreme Court has held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing Inc.*,

---

[2] Furthermore, before emailing defense counsel the version of the Original Petition filed on November 29, 2012, Plaintiff emailed counsel for Defendants five different versions of his Original Petition. *See* Aug. 16, 2012 Email [Doc. # 7], Exh. 1; Aug. 24, 2012 Email [Doc. # 7], Exh. 2; Aug. 25, 2012 Email [Doc. # 7], Exh. 3; Nov. 27, 2012 Email [Doc. # 7], Exh. 4; Nov. 28, 2012 Email [Doc. # 7], Exh. 5. The August 24, 2012 Email stated that "the attached is being filed on Tuesday [August 28, 2012] at 8:00 a.m." Aug. 24, 2012 Email, at 1. No petition was filed on August 28, 2012. Likewise, the November 28, 2012 Email stated that the petition would be filed at noon that day. Nov. 28, 2012 Email, at 1. The Original Petition was not filed until November 29, 2012.

526 U.S. 344, 347-48 (1999). The Supreme Court of Texas has also held that receipt of a copy of a pleading or a paper referring to a suit is not the same as service. *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990). "Absent service, waiver, or citation, mere knowledge of a pending suit does not place any duty on a defendant to act." *Id.*

In Texas court, a citation can be served by either "delivering to the defendant, in person . . ." or "mailing to the defendant by registered or certified mail, return receipt requested . . ." a copy of the citation with the petition attached. TEX. R. CIV. P. 106(a). Under Texas Rule of Civil Procedure 106(b), other means of service may be used if the plaintiff submits an affidavit showing that service cannot be effectuated by the means set forth in Texas Rule of Civil Procedure 106(a) and the state court grants a motion allowing another form of service. TEX. R. CIV. P. 106(b); *see also State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993); *Wilson*, 800 S.W.2d at 836 (citations omitted).

In the current case, no affidavit or motion showing difficulty making proper service was filed. Plaintiff therefore could only serve Defendants under the Texas Rules of Civil Procedure through personal delivery or registered or certified mail. Service is not achieved by emailing an unsigned, unfiled copy of the original petition to defense counsel and his paralegal. Further, failure to deliver the citation defeats Plaintiff's argument that he made legally cognizable service. *See* TEX. R. CIV. P. 57,

106. Accordingly, Plaintiff made service on Defendants on December 5, 2012. The Court concludes that Defendants' Notice of Removal was timely filed on January 4, 2013.

## II.     DIVERSITY JURISDICTION

### A.     Legal Standard

While the United States Constitution requires only minimal diversity for federal courts to have subject matter jurisdiction in cases that lack a federal question, U.S. CONST. art. III, § 2, cl. 1; *see Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1064 n.3 (5th Cir. 1992) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967)), Congress has imposed a higher threshold. Under 28 U.S.C. § 1332, there must be complete diversity and at least $75,000 in controversy. 28 U.S.C. § 1332; *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). In order for there to be complete diversity, all persons and entities on one side of the controversy must be citizens of states different from all persons and entities on the other side of the controversy. *McLaughlin*, 376 F.3d at 353; *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted). The Court "must presume that a suit lies outside

[its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). Thus, Defendants have the burden to demonstrate there is complete diversity.

B.  **Analysis**

Defendants have not met their burden to prove that the Court has diversity subject matter jurisdiction. It is undisputed that Plaintiff is a citizen of Texas. *See* Notice of Removal, at 3; Original Petition, at 2. Defendants removed this case from Texas state court and therefore have the burden to establish they are not Texas citizens and thus there is complete diversity of citizenship. *See Howery*, 243 F.3d at 916.

Plaintiff has provided evidence that Defendant Jack Warren Harang ("Harang") is a Texas citizen for the purpose of diversity jurisdiction. *See* Driver's License Information for Jack Warren Harang [Doc. # 7], Exh. 15 (record Texas Driver's license in Harang's name obtained on January 8, 2013); Original Petition in *Harang v. Delta Moving Servs., LTD.* [Doc. # 7], Exh. 16, at 1 (Original Petition filed May 27, 2010, in Harris County, Texas, alleging that Harang's residency was Texas); Childress County Appraisal [Doc. # 7], Exh. 19, at 1-7 (appraisals obtained on January 18, 2013, for two pieces of property in Childress County, Texas, owned by Harang); Affidavit of Jack Warren Harang [Doc. # 7], Exh. 24 (stating that Harang was a resident of

Texas on October 15, 2010); Village at West University Receipt [Doc. # 7], Exh. 26 (water bill paid by Harang on January 3, 2011, for an apartment in Houston, Texas); LexisNexis Records for Jack Warren Harang [Doc. # 7], Exh. 18, at 13-15 (listing, *inter alia*, that Harang is registered to vote in Texas, has a current Texas driver's license, and has sporting licenses that list either Louisiana, Texas, or Alabama as his home states); Unsworn Letter from Chad V. Bonnani [Doc. # 24], Exh.1 (explaining that a trust, not Harang, owns the property associated with Harang in Vermont).

In response, Defendants have submitted a copy of Harang's Vermont Driver's license and an Affidavit notarized in Louisiana in which Harang states that he is a resident of Vermont. *See* February 16, 2013 Affidavit of Jack Warren Harang [Doc. # 11], at 9; Vermont Driver's Licence of Jack Warren Harang [Doc. # 12], Exh. A. Defendants have demonstrated there is a fact issue but have failed to meet their burden of persuasion to establish Harang's citizenship is not Texas for diversity purposes.[3]

Further, Plaintiff has submitted LexisNexis Records suggesting that "Jack W. Harang, APLC" is incorporated in Texas and has its principal place of business in Texas. *See* LexisNexis Records for Jack W. Harang [Doc. # 7], Exh. 18, at 33-34, 38. Defendants counter with a Corporate Disclosure Statement dated January 4, 2013, that

---

[3] Indeed, the weight of the evidence on this disputed issue suggests that Harang is a citizen of Texas.

counsel drafted and attached to the Notice of Removal stating that Jack W. Harang, APLC is a Louisiana corporation with its principal place of business in Louisiana. Corporate Disclosure Statement [Doc. #1], Exh. C. Defendants have provided no documentary support for the Corporate Disclosure Statement. While Defendants may have created a fact issue on the citizenship of Jack W. Harang, APLC, Defendants' proof is insufficient to meet their burden to show the entity is not a Texas citizen for diversity purposes.

Accordingly, Defendants have not demonstrated by a preponderance of the evidence that complete diversity exists. The Court thus lacks subject matter jurisdiction, *see Howery*, 243 F.3d at 916, and remands this case to state court.

## III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Strike [Doc. # 9] is **DENIED.** It is further

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 7] is **GRANTED.** Plaintiff's case is **REMANDED** to the 157th Judicial District Court of Harris County, Texas. It is further

**ORDERED** that Plaintiff's Motion for Preliminary Injunction Hearing [Doc. # 14] is **DENIED as MOOT.**

SIGNED at Houston, Texas, this **10th** day of **April, 2013**.

                                 _____
                                                  Nancy F. Atlas
                                          United States District Judge